IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRETON MITCHELL, Plaintiff, | § | |
| v. | § | No. 3:24-CV-2762-B-BW |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Dreton Mitchell's Complaint for 1681e(b), 1681i, 1681s-2(b), TBC Code and Demand for Jury Trial. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the federal claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and **DISMISS** the state law claims without prejudice to their being refiled in state court.

## I. BACKGROUND

On November 1, 2024, Plaintiff Dreton Mitchell filed this civil action against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TransUnion"), and Pentagon Federal Credit Union ("Pentagon FCU") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Texas Business and Commerce Code. (*See id.* at 1-5.) He also sues Pentagon FCU for breach of contract. (*See id.* at 5.) He

[1] By Special Order No. 3-251, this pro se case has been referred to the undersigned magistrate judge for judicial screening. (*See* Dkt. No. 1.)

seeks statutory, punitive, and actual damages, attorney's fees, and costs. (*See id.* at 5-6.)

According to Mitchell, he opened an account with Pentagon FCU in June 2021, and on March 11, 2024, he "discovered inaccuracies in the reporting of this account by Defendants, including incorrect payment history and account balance." (*Id.* at 3.) He "disputed these inaccuracies with Experian, Equifax and TransUnion in March 2024, providing all necessary documentation to support the dispute." (*Id.*) He alleges that Experian "continues to report inaccurate data for the account," namely "from July 2022 to September 2022, Experian shows 'No Data,' then reports an on-time payment for October 2022, followed by 150 days late in November 2022 and 180 days late in December 2022[.]" (*Id.*) He states that, from January to April 2023, Experian also "inaccurately reports the account as 'Repossession,' followed by 'No Data' from May to July 2023," and that "the account is reported as 'Charged Off'" from August to December 2023. (*Id.*)

Regarding Equifax, Mitchell states that a March 18, 2024 report "indicated significant delinquencies that Plaintiff disputed as inaccurate." (*Id.*) He indicates that Equifax showed "on-time payments from January to May 2022, then 'No Data' from June to August 2022, an on-time payment reporting for September 2022, followed by 150 days late in October 2022 and 180 days late in December 2022[.]" (*Id.*) He complains that Equifax's April 2024 reinvestigation results "reflect[ ]. . . no real investigation, maintaining the same inaccuracies and causing ongoing harm to Plaintiff's creditworthiness." (*Id.*)

Regarding TransUnion, Mitchell states that its "reporting before and after the dispute reflected a lack of proper investigation for completeness and accuracy." (*Id.*) He indicates that TransUnion reported on-time payments from July 2021 to June 2022, no data from July to September 2022, on-time payments in October and November 2022, late payments of over 120 days from December 2022 to January 2023, a "Repossession" designation from February to July 2023, and a "Charged Off" designation as of August 2023. (*Id.*)

As for Pentagon FCU, Mitchell alleges that he initiated arbitration proceedings against Pentagon FCU that "were closed due to Pentagon's failure to pay required Arbitration fees." (*Id.* at 4.) He states he was forced to file this action as a result of this non-compliance by Pentagon FCU. (*See id.*)

## II. PRELIMINARY SCREENING

Mitchell has been granted leave to proceed in forma pauperis in this action. (*See* Dkt. No. 6.) As a result, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere

"labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

The Court must always liberally construe pleadings filed by pro se litigants, such as Mitchell. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Mitchell's complaint fails to state a plausible claim to relief.

## III. ANALYSIS

In this action, Mitchell alleges federal claims under the FCRA and state law claims against Defendants. (*See* Dkt. No. 3 at 4-5.) Specifically, he brings FCRA claims against Defendants Experian, Equifax, and TransUnion under 15 U.S.C. § 1681e(b) for "failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff" and § 1681i for "failing to conduct a reasonable reinvestigation of the disputed information." (*Id.* at 4.) He brings an FCRA claim against Pentagon FCU under § 1681s-2(b) for "failing to conduct a reasonable investigation of the disputed information after receiving notice from the credit reporting agencies." (*Id.*) He sues all Defendants for alleged violation of

Chapter 20 of the Texas Business and Commerce Code and Defendant Pentagon FCU for breach of contract. (*See id.* at 5.)

**A. FCRA**

Originally enacted as Title VI of the Consumer Credit Protection Act in 1970, Pub. L. 91-508, 84 Stat. 1114-1136, the FCRA exists "to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing 15 U.S.C. § 1681(b)). It imposes obligations on consumer reporting agencies ("CRAs")—such as Experian, Equifax, and TransUnion—and furnishers of information, and it "authorizes consumers to bring a private cause of action in response to negligent or willful violations." *Id.*; *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002). Such obligations include those imposed by § 1681e(b), § 1681i, and § 1681s-2(b), under which Mitchell sues Defendants. (*See* Dkt. No. 3 at 4.)

Section 1681e(b) of the FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i "provides procedures by which a Plaintiff can dispute the 'completeness or accuracy of any item of information contained in a consumer's file' and imposes affirmative obligations on [CRAs] that receive notice of disputed information." *Palomo v. Trans Union, LLC*, No. 4:21-cv-904-SDJ-KPJ, 2022 WL 17731824, at *3 (E.D. Tex. Sept. 7, 2022)

(citations omitted). To state a claim under either provision, "the plaintiff must plead factual allegations showing that inaccurate information was included in the plaintiff's credit report." *Id.* "The plaintiff can plead inaccuracy by showing the reported credit information is either 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citation omitted)). Further, to allege plausible violations of these FCRA provisions, "a plaintiff must also provide facts from which the Court may infer that 'such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable investigation.'" *Appiah v. LexisNexis Risk Sols. Inc.*, No. 3:24-CV-1944-S-BN, 2025 WL 607877, at *4 (N.D. Tex. Jan. 15, 2025) (citations omitted), *rec. adopted*, 2025 WL 607063 (N.D. Tex. Feb. 25, 2025).

Section 1682s-2(b) of the FCRA "imposes duties on furnishers of information," such as Pentagon FCU. *Young*, 294 F.3d at 639. "To state a claim under § 1681s-2(b) against a furnisher of information, plaintiff must make an initial showing of factual inaccuracy in the information provided by a furnisher to a CRA as a prerequisite to recovery." *Garcia v. Equifax. Info. Servs.*, No. 3:25-CV-3543-D, 2026 WL 1483496, at *2 (N.D. Tex. May 27, 2026) (cleaned up). As discussed, "[a] credit entry is 'inaccurate' within the meaning of the [FCRA] if (1) 'it is patently incorrect,' or (2) 'is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (citation omitted).

Here, Mitchell fails to allege facts showing that any complained-of account information is either patently incorrect or unlawfully misleading for purposes of his claims against Defendants under § 1681e(b), § 1681i, and § 1681s-2(b) of the FCRA. Much less has he alleged facts showing that any such inaccuracies "resulted from a failure to maintain reasonable procedures or conduct reasonable investigation" for purposes of his § 1681e(b) and § 1681i claims against Defendants Experian, Equifax, and TransUnion. *Appiah*, 2025 WL 607877, at *4. Instead, his allegations constitute no more than "legal conclusions[,] mere labels[,] threadbare recitals of the elements of a cause of action[,] conclusory statements[,] and naked assertions devoid of further factual enhancement" in support of his purported entitlement to relief. *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citation omitted). None of these categories of statements is sufficient to state a plausible claim to relief on the face of Mitchell's complaint. *See Bell Atl. Corp.*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, Mitchell has failed to plead sufficient facts to allege a plausible claim against Defendants under the FCRA, and his complaint does not survive judicial screening on his FCRA claims. The Court therefore should dismiss his FCRA claims under § 1915(e)(2)(B)(ii) for failure to state a claim.

**B. State Law Claims**

As the Court has noted, Mitchell also raises state law claims against Defendants. (*See* Dkt. No. 3 at 5.) In this action, Mitchell bases this Court's subject matter jurisdiction only on original jurisdiction under 28 U.S.C. § 1331 and the

FCRA. (*See id.* at 2.) He does not allege any other basis for this Court's subject matter jurisdiction, and even liberally construing his factual allegations, they are insufficient to support subject matter jurisdiction based on diversity jurisdiction or any other basis. *See, e.g.*, *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (stating that the party asserting jurisdiction must "distinctly and affirmatively allege" the basis for same).

For the reasons explained, all of Mitchell's federal claims should be dismissed for failure to state a claim. A court has the discretion to exercise supplemental jurisdiction over remaining related state law claims after all federal claims have been dismissed, but "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Given the initial pleading stage of this litigation and considering "the statutory factors set forth in [28 U.S.C. § 1367(c)] as well as the common law factors of judicial economy, convenience, fairness, and comity," the undersigned concludes that there is no compelling reason to retain jurisdiction over Mitchell's state law claims against Defendants. *Id.* at 602 (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).

Accordingly, the Court should decline to exercise supplemental jurisdiction over Mitchell's state law claims and dismiss them without prejudice.

## IV. LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend his complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The time to file objections to this recommendation allows Mitchell an opportunity to cure the deficiencies discussed by the Court and thereby show the Court that his case should not be dismissed at this time and that he should instead be granted leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects may be cured, a district court may deny leave." (internal citations omitted)).

If Mitchell fails to show that leave to amend should be granted within the time to file objections to this recommendation, the Court should dismiss this case.

## V. RECOMMENDATION

The Court should **DISMISS** the federal claims in the Complaint for 1681e(b), 1681i, 1681s-2(b), TBC Code and Demand for Jury Trial (Dkt. No. 3) with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it should **DISMISS** the state law claims without prejudice to their being refiled in state court.

**SO RECOMMENDED** on July 24, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).